In re: MADISON GUARANTY SAV-
INGS & LOAN ASSOCIATION (Inde-
pendent Counsel's Motion for Termi-
nation Order).

No. 94–1.

United States Court of Appeals,
District of Columbia Circuit.

Filed Aug. 21, 2001.

Before: SENTELLE, Presiding, FAY
and CUDAHY, Senior Circuit Judges.

**ORDER DEFINING FURTHER
DUTIES OF THE INDEPEN-
DENT COUNSEL**

PER CURIAM:

On August 3, 2001, Independent Counsel
Robert W. Ray filed with this Court a
"Motion for Order of Termination of Inves-
tigation of the Office of Independent Coun-
sel Robert W. Ray"; and,

Upon due consideration, it appearing to
the Court that the Independent Counsel
has represented to the Court that all in-
vestigations were concluded as of January
19, 2001; and, that in compliance with 28
U.S.C. § 594(h)(1)(B), the Independent
Counsel has filed with the Special Division
the final reports in all of its investigative
mandates, which set forth fully and com-
pletely the work of the office; and, for the
reasons more fully set forth in the opinion
filed contemporaneously herewith, it is

(1) ORDERED that the Independent
Counsel, effective September 30, 2001, and
subject to further order of this Court,
continue his office only to the extent neces-
sary or appropriate to fulfill his duties
relating to his Final Report, specifically:

(a) the final submission of such Report
inclusive of the statutory appendix con-
sisting of the comments authorized by
this Court in accordance with the provi-
sions of 28 U.S.C. § 594(h)(2); (b) the
written evaluations of applications for
attorneys' fees in accordance with 28
U.S.C. § 593(f)(2); (c) the archiving and
transfer of reports pursuant to 28 U.S.C.
§ 594(k)(1); (d) the publication of final
reports under 28 U.S.C. § 594(h)(3), as
may be ordered by the Court; and, (e)
the completion of any remaining audits
in 28 U.S.C. § 596(c)(1).

(2) To the extent necessary or appropri-
ate to the purposes of this order, the In-
dependent Counsel shall perform any non-
investigative and nonprosecutorial tasks
remaining of his statutory duties as re-
quired to conclude the functions of his
office as set forth in the decretal para-
graph (1).

Opinion for the Special Division filed
PER CURIAM.

As we noted in the Per Curiam order
accompanying this opinion, the Indepen-

dent Counsel has come before this Court moving for an order pursuant to 28 U.S.C. § 596(b)(1) "terminating the investigation of the office of Independent Counsel Robert W. Ray" (the "Office"). Literally, that section of the Ethics in Government Act empowers the Court to effect the "termination of *office*" rather than the termination of *investigation*. However, we have in the past construed the statute as granting the lesser included authorization to terminate the investigative functions of the office while reiterating the noninvestigative statutory duties of the office, such as those set forth in our accompanying order. *See generally, In re North (Walsh Show Cause Order)*, 10 F.3d 831 (D.C.Cir., Spec. Div.1993) (per curiam). In the present case, as in *In re North*, it appears to the Court that an order so delimiting the continuing authority of the Office is appropriate.

The Independent Counsel has represented to the Court that he completed all of his investigations as of January 19, 2001. We have no reason to doubt this assertion, and it is not apparent that any other party would have standing to challenge that assertion. Insofar as other parties have interests in the question, these would seem appropriately addressed in the comments to the report authorized by this Court in accordance with the provisions of 28 U.S.C. § 594(h)(2). Independent Counsel Ray, like the Independent Counsel in *In re North*, does not seek to absolve himself of the duties contemplated under the statute of responding to attorney fee applications, archiving, publishing, and conducting such other supportive noninvestigative functions as may remain his duty. Neither do we contemplate absolving him of those duties. Therefore, by the order of even date, we have granted the termination of investigation sought by the Independent Counsel, but do not terminate his office, as he remains empowered and obligated under the statute to perform the other noninvestigative duties which neither the Court nor the Department of Justice is equipped to perform were we to terminate his office.

SO ORDERED.